**SOUTH BAY BOSTON MANAGEMENT, INC., Plaintiff**

v.

**UNITE HERE LOCAL 26, Defendant.**

**Civil Action No. 08–11492–EFH.**

United States District Court, D. Massachusetts.

Nov. 6, 2008.

John D. Doran, Jr., Gregory C. Keating, Ronald S. Allen, Littler Mendelson, P.C., Boston, MA, for South Bay Boston Management, Inc.

Michael T. Anderson, Murphy Anderson PLLC, Boston, MA, Paul More, Richard G. McCracken Davis, Cowell & Bowe, LLP, San Francisco, CA, for UNITE HERE Local 26.

## MEMORANDUM AND ORDER

HARRINGTON, Senior District Judge.

The court allows Defendant and Cross–Claimant UNITE HERE Local 26's (the "Union") Motion to Compel Arbitration (Docket No. 10) under Section 301 of the Labor–Management Relations Act, 29 U.S.C. § 185(a) and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* Plaintiff and Cross–Defendant South Bay Boston Management, Inc. (the "Hotel") is ordered to submit to interest arbitration with respect to the collective bargaining agreement negotiations as required by paragraphs 10 and 14 of the parties' neutrality agreement (the "Agreement").

*Facts*

The Union and Hotel signed the Agreement on August 20, 2003. The Agreement prescribes the procedures for union organization at the hotel. The Hotel must recognize the Union if a majority of the Hotel's eligible employees vote to organize. As part of the Agreement, the Hotel agrees not to take any action or make any statement that would directly or indirectly show opposition to the Union. In exchange, the Union agrees not to picket, or "coerce or threaten" any employees to obtain authorization for the Union.

The Agreement contains two arbitration clauses. One arbitration clause (the "Specific Clause") deals with disputes arising from the negotiation of the collective bargaining agreement. The Specific Clause provides for interest arbitration if, 90 days after union recognition, the Union and Hotel are unable to reach a collective bargaining agreement. The Specific Clause also lists those factors the arbitrator is to consider in rendering his decision and it makes this decision final and binding on the parties. The Specific Clause refers to the second arbitration clause (the "General Clause") for the procedures to be followed in arbitration resulting from the collective bargaining negotiations. The General Clause specifies who the arbitrator is and it grants him the authority to order a non-compliant party to abide by his decision. The General Clause also governs generally any disputes that may occur related to the Agreement.

The Agreement terminates three (3) years from the "full public opening of the hotel," or it will terminate sooner if either a collective bargaining agreement has been consummated or an interest arbitration award has concluded the collective bargaining negotiations. The collective bargaining agreement or interest arbitration award would supersede the Agreement. The Agreement does not provide a definition for "full public opening of the hotel."

▮ A majority of the Hotel's employees did in fact vote for the Union and on April 30, 2008, the Hotel agreed to recognize the Union. Pursuant to the Agreement, the Hotel and Union immediately began negotiating a collective bargaining agreement. Having not reached an agreement within 90 days, the Union requested interest arbitration on July 23, 2008. The Hotel contested this request and petitioned the court to issue a declaratory judgement ruling that the Hotel does not have to submit to interest arbitration. The Hotel's petition rests on two grounds: (1) the Agreement has expired, thus making the arbitration clauses ineffective and (2) the Agreement is void because it is pre-empted by the National Labor Relations Act.[1]

---

1. The Hotel's argument for pre-emption fails. Pre-emption applies only to state regulations. *See, e.g., Bldg. & Constr. Trades Council v. Associated Builders & Contractors,* 507 U.S. 218, 224–27, 113 S.Ct. 1190, 122 L.Ed.2d 565 (1993). The Hotel has not identified any state regulation and therefore has failed to allege what is necessary in order for the pre-emp-

The Union filed this instant motion to oppose the petition for declaratory judgement.

### Decision

The issue before the court is whether or not the parties must arbitrate to come to a collective bargaining agreement in accordance with the two arbitration clauses. The Union seeks arbitration; the Hotel does not.

■ One issue the court can quickly address is the parties' dispute as to when the Hotel's "full public opening" occurred. The court does not have sufficient evidence to determine the date of the "full public opening of the hotel," which is necessary in determining whether or not the Agreement has expired. If the Agreement has not expired, it is undisputed that the arbitration clauses are effective. The expiration of the Agreement raises the issue as to whether the arbitration clauses are effective. But grounds exist for enforcing the clauses even if the Agreement has expired and since the date of the full public opening is not clear, the court uses these grounds to render its decision.

■ Two points must be considered by the court in making its decision. First, arbitration has long been the preferred means to resolve labor disputes. *See, e.g., Nolde Bros. v. Local 358, Bakery & Confectionery Workers,* 430 U.S. 243, 254, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977). Courts greatly respect arbitration clauses because arbitrators are much more competent than courts in handling collective bargaining disputes. *See AT & T Techs., Inc. v. Commc'ns Workers,* 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). So

strong is this preference that the Supreme Court has ruled that if a doubt exists as to whether a labor dispute should go to arbitration or not, arbitration must be favored. *See id.* (quoting *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582–83, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)). Therefore, the insertion of an arbitration clause in the Agreement in itself favors arbitration to resolve this dispute.

■ Second, this preference has meant that arbitration clauses are given effect in many instances even after those contracts containing them have expired. *See, e.g., Nolde,* 430 U.S. at 251, 97 S.Ct. 1067. The relevant case for determining whether or not to enforce a contract's arbitration clause for a post-termination labor dispute is *Litton Financial Printing Division v. NLRB,* 501 U.S. 190, 111 S.Ct. 2215, 115 L.Ed.2d 177 (1991).[2] *Litton* holds that arbitration clauses are effective post-termination when the conflict "arises" from the contract. *Id.* at 205, 111 S.Ct. 2215. A conflict arises from the contract when any one of three conditions is met: (1) when the dispute involves facts and occurrences that arose before expiration; (2) where an action taken after expiration infringes a right that accrued or vested under the agreement; or (3) where under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement. *Id.* at 205–06, 111 S.Ct. 2215.

■ The court rules that the Agreement's arbitration clauses should be enforced, notwithstanding the Agreement's expiration.

---

tion doctrine to be operative. *See id.* at 227, 113 S.Ct. 1190.

**2.** The court notes that although the contract at issue here is not a collective bargaining

agreement similar to the one in *Litton, Litton* applies to other types of contracts. *See Koch v. Compucredit Corp.,* 543 F.3d 460, 465–66 (8th Cir.2008).

First, the strong preference for arbitration in labor disputes weighs heavily in the Union's favor. The parties' dispute here clearly is a labor dispute. Their negotiations over a collective bargaining agreement have come to an impasse, which is the very kind of labor dispute the court has long believed appropriate for resolution by an arbitrator. *See AT & T,* 475 U.S. at 650, 106 S.Ct. 1415.

Second, the court uses the third prong of *Litton* and rules the arbitration clauses still effective, notwithstanding the Agreement's expiration. The third prong states under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement. *Litton,* 501 U.S. at 206, 111 S.Ct. 2215. Normal principles of contract interpretation dictate that we uphold the arbitration clauses, one of which is the Specific Clause. The Specific Clause exclusively pertains to collective bargaining negotiations and states that "[i]f the parties are unable to reach agreement on a collective bargaining agreement within 90 days after recognition pursuant to paragraph 9, all unresolved issues shall be submitted for resolution to final and binding arbitration pursuant to Paragraph 14."

Normal principles of contract interpretation direct the court to uphold the language of a contract as drafted by its parties. *See Nolde,* 430 U.S. at 250–51, 97 S.Ct. 1067. The language of the Specific Clause, as drafted by the parties, says that all unresolved issues involving the collective bargaining negotiations are to be arbitrated. These words could not spell out more clearly that the parties intended to arbitrate any dispute arising out of collective bargaining negotiations. The parties' decision to include a second arbitration clause that deals specifically with collective bargaining negotiations further emphasizes their preference for arbitration to resolve any disputes arising from these negotiations.[3] Finally, the parties leave open the duration of the Specific Clause by not specifying a certain expiration date and by not including any clause in the contract that otherwise negates arbitration as the method to deal with disputes involving collective bargaining negotiations. This is evidence that the Specific Clause has not terminated and that it applies here. *See Chi. Pneumatic Tool Co. v. Smith,* 890 F.Supp. 100, 119 (N.D.N.Y. 1995).

Seeing that the language of the Agreement calls for arbitration to remedy conflicts arising out of the collective bargaining negotiations, and further observing that the parties' include no language restricting the applicability of the Specific Clause, normal principles of contract interpretation lead the court to uphold the arbitration clauses. Therefore, this prong of *Litton* is met. Taking both the strong preference for arbitration to resolve labor disputes, together with the satisfaction of *Litton,* the court allows the Union's Motion to Compel Arbitration and directs the Hotel and Union to submit to interest arbitration with respect to the collective bargaining agreement negotiations as required by paragraphs 10 and 14 of the Agreement.

Defendant and Cross–Claimant UNITE HERE Local 26's Motion To Compel Arbi-

---

**3.** When arbitration clauses are broad, encompassing many kinds of disputes, courts have been particularly likely to enforce such clauses in the post-termination period. *See Litton,* 501 U.S. at 205, 111 S.Ct. 2215. Courts have understood these types of clauses to mean that the parties preferred arbitration above all other mechanisms of dispute resolution. *See id.* The clause here is specific, rather than broad. Therefore, since courts have enforced these clauses when they do not specifically cover the dispute at issue, this court must surely endorse a clause that specifically covers the dispute at issue.

tration (Docket No. 10) is ALLOWED. Plaintiff and Cross–Defendant South Bay Boston Management, Inc.'s Petition for Declaratory Judgment (Docket No. 1) is DENIED.

SO ORDERED.